[No. 11544.   Department One. — August 23, 1886.]

## A. G. PETERSON, APPELLANT, *v.* JOSEPH WEISS-BEIN ET AL., RESPONDENTS.

EJECTMENT — VEXATIOUS ACTION — CROSS-COMPLAINT — INJUNCTION AGAINST PROSECUTION OF ACTION. — The action was brought to recover the possession of certain land. The answer denied the allegations of the complaint, and pleaded in bar of the action certain judgments rendered in other actions, which were alleged to have determined adversely to the plaintiff the title to the land in controversy. The defendants also filed a cross-complaint for an injunction restraining the plaintiff from asserting any title to the land, on the ground that his action was vexatious. During the pendency of the action, the defendants, upon affidavits and the judgment rolls in the actions pleaded in bar, moved for an order perpetually enjoining the plaintiff from further prosecuting the action. The court granted the motion. *Held*, that the order was erroneous.

APPEAL from an order of the Superior Court of Nevada County granting a perpetual stay of proceedings.

The facts are stated in the opinion of the court.

*Cross & Simonds,* and *E. H. Gaylord,* for Appellant.

*A. Burrows,* for Respondents.

Ross, J.   The complaint in this case is in the usual form of complaints in an action of ejectment. To it the defendants filed an answer putting in issue its averments, and also pleading in bar of the action judgments in certain other actions, which it is claimed determined adversely to the plaintiff the title to the property in con-

troversy. The defendants also filed a cross-complaint, by means of which they sought to have the plaintiff perpetually enjoined from asserting any right to the property, on the ground that his action was vexatious, to which cross-complaint the plaintiff filed a demurrer. Subsequently, and during the pendency of the demurrer, defendants moved the court, upon affidavits and the judgment rolls in the suits pleaded in bar, for an order perpetually enjoining the plaintiff from further prosecuting the action. The motion was granted, and the action of the court in that particular constitutes the ground of the present appeal.

It is not necessary in this case to determine whether under any circumstances it is competent to try upon affidavits the question whether or not the title claimed by plaintiff in an action of ejectment is the same title adjudicated against him in some other action, nor to determine the sufficiency of the cross-complaint in the present case to obtain the relief sought thereby. It is enough to say that defendants could not anticipate the result of the proceedings under the cross-complaint by the motion in question.

Order reversed, and cause remanded for further proceedings.

MYRICK, J., and McKINSTRY, J., concurred.

Hearing in Bank denied.